COHEN MILSTEIN SELLERS & TOLL PLLC
Joseph M. Sellers*
Miriam R. Nemeth*
1100 New York Avenue, NW, Suite 500
Washington, DC 20005
Telephone: (202) 408-4600
jsellers@cohenmilstein.com
mnemeth@cohenmilstein.com

OUTTEN & GOLDEN LLP
Justin M. Swartz*
Melissa Lardo Stewart*
685 Third Avenue, 25th Floor
New York, New York 10017
Telephone: (212) 245-1000
jms@outtengolden.com
mstewart@outtengolden.com

GREEN SAVITS LLC
Glen D. Savits
25B Vreeland Road, Suite 207
Florham Park, NJ 07932
Telephone: (973) 695-7777
gsavits@greensavits.com

*Attorneys for Plaintiff and the Putative
Class and Collective*

*pro hac vice* applications forthcoming

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| CARMEN ALVAREZ, on behalf of herself and all others similarly situated,<br><br>    Plaintiff,<br><br>vs.<br><br>CHIPOTLE MEXICAN GRILL, INC., and CHIPOTLE SERVICES, LLC,<br><br>    Defendants. | Civil Action No. _____<br><br>Electronically Filed<br><br>**CLASS AND COLLECTIVE ACTION COMPLAINT** |

Plaintiff Carmen Alvarez ("Plaintiff"), by and through the undersigned attorneys, brings this action against Defendants Chipotle Mexican Grill, Inc. and Chipotle Services, LLC (formerly known as Chipotle Mexican Grill, Co., LLC) (collectively, "Chipotle" or "Defendants") for failing to pay her overtime as required by the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and New Jersey's State Wage and Hour Law ("NJWHL"), N.J. Stat. § 34:11-56a1, *et seq.* Plaintiff alleges as follows:

1.     Plaintiff is an adult resident of Essex County, New Jersey, residing at 14 Glenroy Road South, Fairfield, New Jersey 07004.

2.     Upon information and belief, the principal executive offices of Chipotle Mexican Grill, Inc., and Chipotle Services, LLC are located at 1401 Wynkoop Street, Suite 500, Denver, Colorado, 80202.

3.     This case arises out of Chipotle's misclassification of Plaintiff and other similarly situated employees as exempt from the overtime protections of the FLSA and the NJWHL and its resulting failure to pay Apprentices statutorily required overtime pay.

4.     In particular, Plaintiff and other similarly situated Apprentices regularly work or worked more than forty hours per week, but have not been compensated for that overtime at the statutory rate.

2

## JURISDICTION AND VENUE

5.     The Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

6.     The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

7.     Venue is proper in the United States District Court for the District of New Jersey because Plaintiff resides in this District, Chipotle conducts business in this District, and the majority of the events or omissions giving rise to Plaintiff's claims occurred in this District. *See* 28 U.S.C. § 1391.

## PARTIES

8.     Plaintiff was an employee of Chipotle, as defined by the FLSA, 29 U.S.C. § 203(e)(1) and (g), and she worked as an Apprentice at several Chipotle restaurants in New Jersey from in or around December 2013 through March 2017, including, as relevant to this case:

   a.     From in or around March 2014 to in or around November 2015, Plaintiff worked as an Apprentice at restaurant #2011, located at 235 Prospect Avenue, West Orange, NJ;

   b.     From in or around November 2015 to in or around August 2016, Plaintiff worked as an Apprentice at restaurant #817, located at 380 State Route 3, Clifton, NJ;

c.     From in or around August 2016 to in or around October 2016, Plaintiff worked as an Apprentice at restaurant #1706, located at 1255 Route 17 South, Unit 3, Ramsey, NJ; and

d.     From in or around October 2016 to in or around March 2017, Plaintiff worked as an Apprentice at restaurant #123, located at 368 State Route 10 West, East Hanover, NJ.

9.     A written consent form for Plaintiff is attached hereto as **Exhibit A**.

10.     Chipotle Mexican Grill, Inc. is a foreign corporation organized and existing under the laws of Delaware, with a principal executive office in Colorado.

11.     Chipotle Mexican Grill, Inc. owns and operates 53 restaurants in New Jersey and 2,227 restaurants throughout the United States and abroad, which serve Mexican-style food in a "fast-casual" environment.

12.     Chipotle Services, LLC (formerly known as Chipotle Mexican Grill, Co., LLC), a limited liability company organized under the laws of Colorado, is a wholly owned subsidiary of Chipotle Mexican Grill, Inc., with a principle executive office in Colorado.

13.     Defendants jointly employed Plaintiff and other similarly situated current and former Apprentices.

4

14.   Upon information and belief, each Defendant was an employer or an agent of an employer of Plaintiff and other similarly situated current and former Apprentices.

15.   To the extent they are separate entities, Defendants operate in concert as a common enterprise and as joint employers of Plaintiff and other similarly situated Apprentices.

16.   Upon information and belief, Defendants jointly maintain control, oversight, and direction over Plaintiff and similarly situated Apprentices at all relevant times, including timekeeping, payroll, and other terms and conditions of their employment.

17.   Defendants apply the same employment policies, practices, and procedures to Apprentices at all Chipotle restaurants in New Jersey, including policies, practices, and procedures with respect to the payment of overtime compensation.

18.   At all relevant times, Chipotle Services, LLC has been the corporate entity listed on Plaintiff's and other Apprentices' paychecks and W-2 tax forms.

19.   Chipotle's gross annual sales made or business done has been $500,000 or greater per year at all times relevant to this lawsuit.

2250963.2

## FACTUAL ALLEGATIONS

## A. BACKGROUND

20. The FLSA provides that "no employer shall employ any of his employees . . . for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1).

21. The FLSA exempts from this overtime pay requirement "any employee employed in a bona fide executive, administrative, or professional capacity . . . as such terms are defined and delimited from time to time by regulations of the Secretary." 29 U.S.C. § 213(a)(1).

22. Prior to December 1, 2016, the Department of Labor defined this exemption to include only those employees who were paid on a salary basis of at least $455 per workweek ($23,660 per year) and who were engaged in certain types of duties. *See* Defining and Delimiting the Exemption for Executive, Administrative, Professional, Outside Sales and Computer Employees, 69 Fed. Reg. 22122, 22261-62 (April 23, 2004).

23. On May 23, 2016, following notice and an opportunity for public comment as required by the Administrative Procedure Act (APA), the Department of Labor promulgated a final regulation ("the Overtime Rule"), which provided

6

that, as of December 1, 2016, "bona fide, executive, administrative, or professional capacity" would include only those employees who are paid on a salary basis of at least $913 per week ($47,476 per year), and who are engaged in certain duties, as described below. *See* 29 C.F.R. §§ 541.100 - 541.300, 541.600.

      a.      An "Executive" employee is an employee (1) "Whose primary duty is management of the enterprise in which the employee is employed or of a customarily recognized department or subdivision thereof;" (2) "Who customarily and regularly directs the work of two or more other employees; and," (3) "Who has the authority to hire and fire other employees or whose suggestions and recommendations as to the hiring, firing, advancement, promotion or any other change of status of other employees are given particular weight." 29 C.F.R. § 541.100(a)(1)-(4).

      b.      An "Administrative" employee is an employee (1) "Whose primary duty is the performance of office or non-manual work directly related to the management or general business operations of the employer or the employer's customers"; and (2) "Whose primary duty includes the exercise of discretion and independent judgment with respect to matters of significance." 29 C.F.R. § 541.200(A)(1)-(3).

      c.      A "Professional" employees is an employee "Whose primary duty is performance of work: (i) Requiring knowledge of an advance type in

a field of science or learning customarily acquired by a prolonged course of specialize intellectual instruction; or (ii) Requiring invention, imagination, originality or talent in a recognized field of artistic or creative endeavor." 29 C.F.R. § 541.300(2).

24.     New Jersey Wage and Hour Law (NJWHL) contains the same overtime requirements as the FLSA and has identical exemptions for "bona fide executive, administrative, or professional" employees. *See* N.J. Stat. § 34:11-56a4. The New Jersey Administrative Code provision defining and delimiting those terms adopts the federal definition in 29 C.F.R. §541 by reference. *See* N.J.A.C. 12:56-7.2.

## B.     GENERAL FACTUAL ALLEGATIONS

25.     Chipotle's Apprentices are employees who are training to become general managers of a Chipotle restaurant.

26.     Chipotle classifies its Apprentices as "executive" and/or "administrative" employees and thus considers them exempt from the overtime requirements of the FLSA and New Jersey law.

27.     Consistent with this classification, until on or about November 14, 2016, Chipotle paid Apprentices in New Jersey a salary and did not pay overtime premiums for hours worked over 40 per workweek.

8

28.     Pursuant to this policy or practice, Chipotle did not pay Plaintiff any overtime premium for hours worked in excess of 40 in a workweek, as required by the FLSA and New Jersey law, from the beginning of her employment through on or around November 14, 2016.

29.     Prior to on or around November 14, 2016, Plaintiff was paid approximately $820 per week ($1,640 per biweekly pay period). This equated to an annual salary of approximately $42,640, excluding bonuses of less than $2,500.

30.     On or around November 14, 2016, as a result of the Overtime Rule, Chipotle converted its Apprentices, including Plaintiff, to hourly employees and began paying a premium for hours worked in excess of 40 per week.

31.     On November 22, 2016, the United States District Court for the Eastern District of Texas preliminarily enjoined the Department of Labor and its officials from "implementing and enforcing" the Overtime Rule. *See Nevada v. United States Dep't of Labor*, No. 16 Civ. 731, 2016 WL 6879615, at *9 (E.D. Tex. Nov. 22, 2016).

32.     Although it preliminarily enjoined the Department of Labor from implementing and enforcing the Overtime Rule, the Eastern District of Texas did not stay the effective date of the Rule or otherwise prevent the Rule from going into effect. Therefore, as a rule duly promulgated pursuant to the requirements of the APA, the Rule went into effect on December 1, 2016.

9

33. Because the Eastern District of Texas's preliminary injunction was limited to implementation and enforcement of the Overtime Rule by the Department of Labor and its officials, it did not affect the ability of persons not party to the *Nevada* case, including Plaintiff and similarly situated employees, to bring private lawsuits pursuant to the FLSA's private cause of action, 29 U.S.C. § 216(b), to enforce their right to overtime pay under the Rule, nor did it prevent non-parties from bringing lawsuits under state law.

34. Notwithstanding the fact that the *Nevada* preliminary injunction did not prevent the Rule from going into effect on December 1, 2016, or limit its enforcement by non-parties, Chipotle chose to change its payment practices for Apprentices in New Jersey based on the preliminary injunction, and it stopped paying overtime premiums to Plaintiff and other similarly situated employees.

35. On or around December 12, 2016, Chipotle sent an email to all restaurants stating that, "[b]ecause of" the *Nevada* decision, it was converting all its Apprentices, with the exception of Apprentices in New York and California, back to salaried employees who would be exempt from the overtime provisions of the FLSA.

36. The email stated: "In mid-November, we converted Apprentices to hourly in order to comply with the FLSA changes, which were due to take effect on December 1. Since the court blocked the anticipated changes from taking

10

effect, we will convert Apprentices back to salaried exempt effective Monday, 12/12."

37.     The email further stated: "This means Apprentices outside CA and NY [w]ill no longer be required to clock-in or out for shifts" and "[s]hould be scheduled according to the needs of the restaurant, which is expected to result in a 50-hour week on average."

38.     From December 12, 2016 through her last date of employment with Chipotle in or around March 2017, Plaintiff was paid approximately $829 per week ($1,657 per biweekly pay period).    This equated to an annual salary of approximately $43,082, excluding bonuses of approximately $750.    Because this amount was less than $913 per week, Plaintiff was entitled to overtime compensation for all hours worked over forty per workweek.

39.     For the period from on or around December 12, 2016, through the end of Plaintiff's employment at Chipotle in or around March 2017, Chipotle did not pay Plaintiff the overtime premiums provided for by the FLSA and New Jersey state law.

40.     Upon information and belief, other Apprentices who have worked at Chipotle restaurants in New Jersey from December 12, 2016, to the present have also been denied compensation at overtime rates for all time worked in excess of forty hours per week, in violation of the FLSA and New Jersey state law.

11

41. As of at least November 2016, Chipotle was aware that the Overtime Rule set the salary threshold for the executive, administrative, and professional employee exemption at $913 per week and that the Overtime Rule had an effective date of December 1, 2016.

42. Chipotle was and is aware that Plaintiff and other Apprentices are or were paid less than $913 per week after December 1, 2016.

43. Nonetheless, Chipotle willfully denied Plaintiff and other Apprentices overtime compensation for hours worked in excess of forty per week.

44. Chipotle requires Apprentices in New Jersey to work a minimum of approximately 50 hours per week.

45. Plaintiff regularly worked more than 40 hours per week, with an average of 50 to 52 hours per week.

46. For example, during the week of February 20-26, 2017, Plaintiff recalls working at least 50 hours.

47. Having continued to treat Plaintiff and other Apprentices as exempt after December 1, 2016, Chipotle failed to record or have Plaintiff and other Apprentices record the actual number of hours they worked, and therefore Chipotle did not keep records of the time for which Plaintiff and other Apprentices were eligible to be paid overtime premiums.

12

48.     At all times that Chipotle classified Plaintiff as an exempt employee, the hours worked by Plaintiff were not recorded on her pay stubs.

49.     Plaintiff and the other Apprentices at Chipotle restaurants in New Jersey have been improperly classified as exempt under the FLSA.

50.     In addition to failing the salary basis test, at all times relevant to this lawsuit, Plaintiff and other Apprentices in New Jersey have not met the duties test that could have rendered them exempt from overtime compensation under the FLSA and New Jersey law.

51.     Chipotle's restaurants use an open kitchen, where employees are constantly engaging customers and preparing meals in front of customers in an assembly line production.

52.     Plaintiff and other Apprentices are required to provide customer service during the majority of their shifts.

53.     Plaintiff and other Apprentices spend the majority of their shifts working the assembly line, filling orders for customers, preparing food, operating the cash register, and preparing items for the assembly line, including salsa, guacamole, chopped vegetables, and other food items.

54.     The primary duties of Plaintiff and other Apprentices—food preparation and customer service—are similar to the duties performed by hourly

13

employees, including hourly crew members, service managers, and kitchen managers.

55. As an Apprentice, Plaintiff frequently performed the functions of an hourly employee, such as filling orders for customers on the assembly line, operating the cash register, and grilling and preparing food.

56. Plaintiff and other Apprentices primarily performed duties that were manual in nature, and manual labor—including cooking, preparing, and serving food—occupied the majority of Plaintiff's working hours.

57. Plaintiff's and other Apprentices' primary duties did not include hiring and firing other employees or making recommendations for hiring, firing, or other employment decisions; scheduling other employees; or disciplining other employees.

58. Plaintiff's and other Apprentices' primary duties did not involve management of the business operations of Chipotle or its customers.

59. Plaintiff and other Apprentices were not involved in planning Chipotle's long or short term business objectives; could not formulate, affect, implement or interpret Chipotle's management policies or operating practices; did not carry out major assignments that affected Chipotle's business operations; did not have the authority to commit Chipotle in matters that have significant financial

14

impact; and could not waive or deviate from Chipotle's established policies or procedures without prior approval.

## FLSA COLLECTIVE ACTION ALLEGATIONS

60.    Chipotle willfully failed to pay its Apprentices in New Jersey overtime pay for hours over forty per workweek, as required by the FLSA, 29 U.S.C. § 201, *et seq*.

61.    Plaintiff brings Count I below individually and on behalf of all Apprentices in New Jersey who were employed by Chipotle between June 7, 2014, and until the date of final judgment in this matter (the proposed FLSA Collective).

62.    Members of the proposed FLSA Collective are similarly situated.

63.    Members of the proposed FLSA Collective have had substantially similar job requirements and pay provisions, and they were all subject to a common policy or practice that required or permitted them to perform work in excess of forty hours per workweek for the benefit of Chipotle, without an overtime premium for the hours worked over forty.

64.    Plaintiff estimates that there are hundreds of similarly situated current and former Apprentices in New Jersey whose FLSA rights to overtime payments were violated by Chipotle.

65.    These similarly situated employees are known to Chipotle, are readily identifiable, and can be located through Chipotle's records.

66. These individuals would benefit from the issuance of court-supervised Notice and the opportunity to join this lawsuit.

67. Plaintiff and members of the proposed FLSA Collective should therefore be permitted to pursue their claims collectively, pursuant to 29 U.S.C. § 216(b).

68. A collective action will provide the most efficient mechanism for adjudicating the claims of Plaintiff and the FLSA Collective members.

69. Plaintiff requests that she be permitted to serve as a representative for those who consent to participate in this action and that the action be granted collective action status pursuant to 29 U.S.C. § 216(b).

## NEW JERSEY CLASS ACTION ALLEGATIONS

70. Pursuant to Federal Rule of Civil Procedure 23 and New Jersey Rule 4:32, Plaintiff brings a claim for relief to remedy Chipotle's violations of New Jersey's state-law overtime protections, N.J.A.C. § 12:56-7.2.

71. Plaintiff seeks to bring Count II below on behalf of all Apprentices in New Jersey who have been or will be employed by Chipotle at any time between June 7, 2015, and the date of final judgment in this matter (the Rule 23 Class).

72. The proposed class is easily ascertainable. The number and identity of class members may be determined from Chipotle's payroll records.

73. The proposed class also meets all the requirements of Fed. R. Civ. P.

16

23(a) and (b)(3):

     a.    Numerosity: Upon information and belief, the proposed class is several hundred individuals. This class size is so numerous that joinder of all class members is impracticable. In addition, the disposition of these individuals' claims as a class will benefit both the parties and the Court.

     b.    Commonality: Plaintiff and all members of the proposed class have been harmed by Chipotle's failure to compensate Apprentices for all hours worked, including overtime premium pay for hours in excess of forty per week. Therefore, there is a well-defined commonality of interest in the questions of law and fact applicable to Plaintiff and the putative class. Those common questions include, but are not limited to, the following:

     i.    Whether Chipotle failed or refused to pay Plaintiff and members of the proposed class overtime wages for hours worked in excess of forty per week; and

     ii.    Whether Chipotle's refusal to pay such compensation is in violation of New Jersey state overtime protections, N.J.A.C. § 12:56-7.2.

     c.    Typicality: Plaintiff and members of the proposed class were subject to the same unlawful policies, practices, and procedures and sustained similar losses, injuries, and damages. All class members were

17

subject to the same compensation policies and practices, through which they were not paid all earned wages, including time-and-a-half for hours worked over forty per week. Chipotle's compensation policies and practices affected all class members similarly, and Chipotle benefited from the same type of wrongful acts against each class member. Plaintiff's claims are therefore typical of the claims that could be brought by any member of the class, and the relief sought is typical of the relief that could be sought by each member of the class in separate actions.

d. Adequacy of Representation: Plaintiff is able to fairly and adequately protect the interests of all members of the class, as she is challenging the same practices as the class as a whole, and there are no known conflicts of interest between Plaintiff and members of the proposed class. Plaintiff has retained counsel who are experienced and competent in both wage and hour law and complex class action litigation.

e. Predominance and Superiority: The common questions identified above predominate over any individual issues, which would relate solely to the amount of relief due to each class member. A class action is superior to other means available for the fair and efficient adjudication of this controversy. Individual joinder of all class members is impracticable. Class action treatment will permit a large number of similarly situated

18

persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the necessary duplication of effort and expense that numerous individual actions engender. Because the losses, injuries, and damages suffered by each of the individual class members are small in the sense pertinent to class action analysis, the expense and burden of individual litigation would make it extremely difficult or impossible for the individual class members to redress the wrongs done to them.

f. On the other hand, the public interest will be served by addressing the matter as a class action. The cost to the court system and the public for the individual adjudication of the claims of members of the class would be substantial and significantly less economical than if the claims are treated as a class action. Prosecution of separate actions by individual members of the proposed class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the class, establishing incompatible standards of conduct for Chipotle and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can and is empowered to fashion methods to efficiently manage this action as a class action.

19

g.     Pursuit of this action collectively will provide the most efficient mechanism for adjudicating the claims of Plaintiff and members of the proposed class.

## COUNT ONE
### Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*
*On behalf of Plaintiff and the FLSA Collective*

74.     Plaintiff incorporates by reference the allegations asserted above as if fully set forth herein.

75.     Chipotle Mexican Grill, Inc. and Chipotle Services, LLC are covered employers within the meaning of the FLSA.

76.     At all times relevant to this case, Chipotle Mexican Grill, Inc. and Chipotle Services, LLC were engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203(b), (s)(1).

77.     Plaintiff's employment does not fall under any of the exemptions to the overtime requirements of the FLSA.  *See* 29 U.S.C. § 213.

78.     The FLSA requires covered employers like Chipotle to pay non-exempt employees like Plaintiff and the putative FLSA Collective no less than one-and-a-half times their regular rate of pay for all hours worked in excess of forty in a workweek.  *See* 29 U.S.C. § 207.

2250963.2

79. Plaintiff and the putative FLSA Collective regularly worked more than forty hours per week for Chipotle, but Chipotle did not properly compensate them for their overtime hours as required by the FLSA.

80. Chipotle knew that Plaintiff and the putative FLSA Collective worked overtime without proper compensation, and it willfully failed and refused to pay Plaintiff and the putative FLSA Collective members wages at the required overtime rates. *See* 29 U.S.C. § 255.

81. Chipotle's willful failure and refusal to pay Plaintiff and the putative FLSA Collective overtime wages for time worked violates the FLSA. *See* 29 U.S.C. § 207.

82. As a direct and proximate result of these unlawful practices, Plaintiff and the putative FLSA Collective suffered and continue to suffer wage loss and are therefore entitled to recover unpaid overtime wages for up to three years prior to the filing of their claims, liquidated damages, prejudgment interest, attorneys' fees and costs, and such other legal and equitable relief as the Court deems just and proper.

## COUNT TWO
**New Jersey State Wage and Hour Law, N.J. Stat. § 34:11-56a1 *et seq.***
*On behalf of Plaintiff and the Rule 23 Class Members*

83. Plaintiff incorporates by reference the allegations asserted above as if fully set forth herein.

21

84.     At all times relevant to this action, Plaintiff and the Rule 23 Class were employees and Defendants have been employers within the meaning of the NJWHL. *See* N.J. Stat. § 34:11-56a1(g)-(h).

85.     The overtime-wage provisions of the NJWHL, N.J. Stat. § 34:11-56a4, and its supporting regulations, N.J.A.C. § 12:56-7.2, apply to Chipotle's employment of Plaintiff and the proposed class.

86.     Chipotle has failed to pay Plaintiff and the Rule 23 Class the overtime wages to which they are entitled under the NJWHL, N.J. Stat. § 34:11-56a4.

87.     Due to Chipotle's violations of the NJWHL, Plaintiff and the Rule 23 Class members are entitled to recover from Chipotle their unpaid overtime wages, reasonable attorneys' fees and costs of the action, pre-judgment and post-judgment interest, and liquidated damages. *See* N.J. Stat. § 34:11-56a25.

## **PRAYER FOR RELIEF**

Plaintiff requests that this Honorable Court:

1.     Issue an Order certifying this action as a Collective Action under the FLSA and designating Plaintiff as the representative of all those similarly situated, 29 U.S.C. § 216(b).

2.     Authorize that Notice of this Collective Action be issued by the Court or Plaintiff to all persons who have been employed by Defendants as Apprentices at any time from June 7, 2014, through and including the date Notice is issued.

22

Such Notice shall inform these persons that this civil action has been filed, the nature of the action, and their right to join this lawsuit if they believe they were denied proper wages.

3.  Grant leave to add additional plaintiffs or claims by motion, the filing of written consent forms, or any other method approved by the Court.

4.  Issue an Order certifying a Class of New Jersey Apprentices pursuant to Federal Rule of Civil Procedure 23 and designate Plaintiff as a class representative and Plaintiff's counsel as Class Counsel.

5.  Award Plaintiff and all other similarly situated employees actual damages for unpaid wages and liquidated damages equal to the unpaid wages found due to Plaintiff and the Collective as provided by the FLSA, 29 U.S.C. § 216(b).

6.  Award Plaintiff and the Rule 23 Class members actual damages for unpaid wages found due to Plaintiff and the Class as provided by the New Jersey State Wage and Hour Law, N.J. Stat. § 34:11-56a4, and its implementing regulations, N.J.A.C. § 12:56-7.2.

7.  Award Plaintiff and all those similarly situated pre- and post-judgment interest at the statutory rate as provided by the FLSA, 29 U.S.C. § 216(b), and the New Jersey State Wage and Hour Law, N.J. Stat. § 34:11-56a4.

2250963.2

8. Award Plaintiff's counsel reasonable attorneys' fees, costs, and disbursements as provided by the FLSA, 29 U.S.C. § 216(b), and the New Jersey State Wage and Hour Law, N.J. Stat. § 34:11-56a4.

9. Award Plaintiff a reasonable incentive award to compensate her for the time and effort she has spent and will spend protecting the interests of other Apprentices, and for the risks she took in doing so.

10. Award Plaintiff and all those similarly situated further legal and equitable relief as this Court deems necessary, just, and proper.

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated:  June 7, 2017

Respectfully submitted,

Glen D. Savits
GREEN SAVITS LLC
25B Vreeland Road, Suite 207
Florham Park, NJ 07932
Telephone: (973) 695-7777
gsavits@greensavits.com

Joseph M. Sellers*
Miriam R. Nemeth*
COHEN MILSTEIN SELLERS & TOLL PLLC
1100 New York Avenue, NW, Suite 500
Washington, DC 20005
Telephone:  (202) 408-4600
jsellers@cohenmilstein.com
mnemeth@cohenmilstein.com

Justin M. Swartz*
Melissa Lardo Stewart*
OUTTEN & GOLDEN LLP
685 Third Avenue, 25th Floor
New York, New York 10017
Telephone:  (212) 245-1000
jms@outtengolden.com
mstewart@outtengolden.com

*Attorneys for Plaintiff and the Putative Class and Collective*

**pro hac vice* applications forthcoming